IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANA CASTILLO                     :

                                 :

        v.                       :   Civil Action No. DKC 14-2162

                                 :

NATIONSTAR MORTGAGE, LLC, et al. :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this foreclosure action is an unopposed motion to dismiss filed by Defendants Nationstar Mortgage, LLC ("Nationstar") and The Bank of New York Mellon ("BONY"). (ECF No. 14). For the following reasons, the motion will be granted.

Plaintiff Ana Castillo commenced this action on April 9, 2014 by filing a *pro se* complaint against Defendants, Nationstar, BONY, First Horizon Home Loans ("First Horizon"), and Buonassissi Henning & Lash, PC ("BHL") in the Circuit Court for Prince George's County, Maryland. (ECF No. 2). On July 3, 2014, Defendants Nationstar and BONY filed a notice of removal to this court, citing federal question jurisdiction. (ECF No. 1). Plaintiff purports to be the sole title holder of real property located at 6501 Lamont Place, New Carrolton, Maryland 20784 (the "Property"). It appears that Plaintiff's claims stem from a loan she obtained from First Horizon in the amount of

$296,000.  (*Id.* ¶ 13).  Plaintiff asserts that Nationstar – the purported new loan servicer - offered her a loan modification which was "never concluded because they kept requesting different documents over and over again making the application impossible to finish."  (*Id.* ¶ 14).  Plaintiff contends that Nationstar is now claiming that the balance due is $354,429.57 because of late payments, unpaid principal balance, and interest dating back to 2012.  (*Id.* ¶ 16).  Plaintiff believes that she has paid approximately $148,000.00.  (*Id.* ¶ 17).

Although her complaint is a far cry from a model of clarity, Plaintiff asserts five discernable causes of action against Defendants.  Specifically, Plaintiff alleges that: (1) Defendants violated the Fair Debt Collection Practices Act ("FDCPA"); (2) the court should issue a declaratory judgment declaring the Deed of Trust void with no effect; (3) quiet title should be granted to Plaintiff; (4) Defendants engaged in fraud through misrepresentation; and (5) Defendants were unjustly enriched by Plaintiff's overpayments.

Defendants Nationstar and BONY moved to dismiss on July 24, 2014.  (ECF No. 14).  On July 24, 2014, Plaintiff was provided with a *Roseboro* notice, which advised her of the pendency of the motion and her entitlement to respond within seventeen (17) days from the date of the letter.  (ECF No. 15); *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975) (holding *pro se*

plaintiffs should be advised of their right to file responsive material to a motion for summary judgment). Additionally, Plaintiff was ordered to present summonses for Defendants First Horizon and BHL. (ECF No. 16). Plaintiff failed to produce the summonses or otherwise respond to the order, and Plaintiff's complaint against First Horizon and BHL was dismissed. (*See* ECF No. 17). To date, Plaintiff has not filed an opposition to the motion to dismiss either, and the time for her to do so has long expired.

Because Plaintiff has failed to file any opposition to the motion, the court has the discretion to dismiss the case without reaching the merits. Indeed, Judge Hollander dismissed the complaint in *White v. Wal Mart Stores, Inc.*, Civil Action No. ELH-13-00031, 2014 WL 1369609, at *2 (D.Md. Apr. 4, 2014), where *pro se* plaintiff failed to oppose defendant's motion to dismiss. Judge Hollander stated that "[w]hen a plaintiff fails to oppose a motion to dismiss, a district court is 'entitled, as authorized, to rule on the . . . motion and dismiss [the] suit on the uncontroverted bases asserted' in the motion. *Id.* (*quoting Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004)); *Ferdinand-Davenport v. Children's Guild*, 742 F.Supp.2d 772, 777 (D.Md. 2010) ("By her failure to respond to [defendant's] argument" in a motion to dismiss, "the plaintiff abandons [her] claim."). Although the district court also has

3

discretion to decline to "grant a motion to dismiss based on the failure to file a timely opposition when the motion is plainly lacking in merit," this is not the case here.  *White*, 2014 WL 1369609, at *2 (*quoting United States v. Sasscer*, Civ. No. Y-97-3026, 2000 WL 1479154, at *2 n.6 (D.Md. Aug. 25, 2000)).  Moreover, a district court has "the inherent authority . . . to dismiss a lawsuit *sua sponte* for failure to prosecute."  *United States v. Moussaoui*, 483 F.3d 220, 236 (4th Cir. 2007) (*citing Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)); *White*, 2014 WL 1369609, at *2 ("[i]n light of plaintiff's failure to oppose the [m]otion, I can only assume that plaintiff concedes that her Complaint is deficient for the reasons stated by defendant."); Brown-Henderson v. Capital One, N.A., Civ. Action No. DKC 13-3324, 2014 WL 3778689, at *1 (D.Md. July 29, 2014) (dismissing unopposed motion to dismiss in a quiet title action).  There is no obvious lack of merit in Defendants' motion given the allegations contained in Plaintiff's complaint, none of which give rise to a claim for quiet title, unjust enrichment, or any other cognizable cause of action.  Accordingly, Defendants' motion to dismiss will be granted.  A separate order will follow.

                                                       /s/
                                      DEBORAH K. CHASANOW
                                      United States District Judge